UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RANDELL J. FRAZIER,** )<br>    **Plaintiff,** )<br>    )<br>    v. )<br>    )<br>**UNITED STATES OF AMERICA,** )<br>    **Defendant.** ) | Case No.: _____ |

## COMPLAINT FOR DAMAGES IN A CIVIL CASE

Plaintiff, Randell J. Frazier ("Frazier") by counsel, Sweeney Law Firm, brings this action against the Defendant, United States of America, and for his Complaint allege and say as follows:

### PARTIES

1. Frazier is a citizen of Wabash, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on March 9, 2018 detailing his claim against the Defendant.

13. On July 20, 2018, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.)."

14. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

15. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on March 7, 2018.

16. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on March 7, 2018.

17. There is a class-action lawsuit (*Colombini et al. v. United States*) pending before this Court to determine whether plaintiffs similarly situated with Frazier can move forward with their malpractice claims.

18. Frazier is currently not a plaintiff in the aforementioned class-action suit.

19. Plaintiff will petition this Court to be added as a plaintiff in the aforementioned class-action suit.

20. If this Court approves the addition of Frazier to the aforementioned class-action suit, Plaintiff respectfully requests that this action be continued until the superseding action has been resolved.

21. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

22. Plaintiff presented to Dr. Hammersley in 2011 for right heel pain.

23. Dr. Hammersley diagnosed Plaintiff with "gastric equinus and plantar fasciitis right," and recommended surgery.

24. On November 2, 2011, Dr. Hammersley performed a right plantar fasciotomy and percutaneous Achilles tendon lengthening on Plaintiff.

25. Plaintiff participated in physical therapy for the next eight months where he complained of 7/10 pain for the duration of the therapy.

26. On August 16, 2013, Plaintiff had an MRI of the right ankle, which showed bulbous thickening of the distal Achilles tendon, fraying of the peroneal brevis tendon, subchondral cyst at the talonavicular joint, an elongated and blunted anterior process of the calcaneus with associated subchondral cysts, a narrow fibrous bar interposed between the anterior process and large lateral portion of the navicular, which also shows irregular cortex suggestive of nonosseous calcaneonavicular coalition.

27. According to the VA Institutional disclosure, attached hereto as Exhibit 1, "Dr. Hammersley performed surgical release of soft tissue structures without an MRI or a full set of ankle or foot x-rays to confirm his diagnosis. Therefore, he missed the nonosseous calcaneonavicular coalition and subchondral cysts that could also be the cause of the patient's fasciitis type symptoms. Dr. Hammersley failed to accurately work-up this patient, therefore, failed to get an accurate diagnosis of this patient."

28. On March 7, 2018, Plaintiff was notified by VA administrators that Plaintiff was the victim of malpractice at the hands of Dr. Hammersley and that Plaintiff had the right to file a claim against the VA.

29. In the March 7, 2018 Institutional Disclosure, the VA admitted that Dr. Hammersley committed malpractice in connection with his care and treatment of Plaintiff.

30. As a direct and proximate result of the Defendant's negligence, Frazier has ongoing damages including, but not limited to, pain and suffering in his right foot and ankle.

31. As a direct and proximate result of the Defendant's negligence, Frazier has experienced a loss in quality and enjoyment of life.

32. Plaintiff is seeking the applicable elements/categories of damages set forth in IMCJI 703.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Frazier and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in this premises. Plaintiff also requests an order continuing any further proceedings in this case until the aforementioned, superseding class-action suit is decided.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95. If any newly discovered evidence not reasonably discoverable at the time of the filing of SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in his SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 17th day of January 2019,

"/s/" David L. Farnbauch  
David L. Farnbauch (#11187-45)  
SWEENEY LAW FIRM  
8019-B Lima Road  
Fort Wayne, IN 46818  
(260) 420-3137  
Email: dlfsweeneylawfirm.com  

"/s/" Nicholas L. King  
Nicholas L. King (#30709-49)  
COWAN AND KING  
P.O. Box 90379  
7414 N. Meridian St.  
Indianapolis, IN  46260  
(317) 246-8784  
E-mail:  nlk@cowanandking.com