**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **RANDELL J. FRAZIER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00019-HAB-SLC |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| *Department of Veterans Affairs,* | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion for a Protective Order (ECF 16) and an accompanying memorandum in support thereof (ECF 17) filed on August 15, 2019. Specifically, Defendant seeks an order from this Court precluding Plaintiff from taking a proposed deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on the grounds that the deposition would (1) exceed the limitations to discovery agreed to by the parties, and (2) would be excessively burdensome and irrelevant. (ECF 17). Plaintiff filed a response contending that the requested deposition is within the agreed bounds of discovery, would be relevant to resolving anticipated dispositive motions, and, in any event, is not unduly burdensome. (ECF 19). On September 3, 2019, Defendant filed its reply. (ECF 20). As such, the issue is fully briefed, and ripe for a ruling.

For the following reasons, the Court agrees with Plaintiff that the proposed 30(b)(6) deposition is within the scope of discovery, relevant, and not unduly burdensome. Accordingly, Defendant's motion for a protective order (ECF 16) is DENIED.

*A. Background*

On January 17, 2019, Plaintiff filed the present case against the United States, alleging that Dr. Bradley R. Hammersley, a podiatrist formerly employed by the Veterans Administration

Northern Indiana Health Care System, committed medical malpractice against him. Because the Veterans Administration of Northern Indiana Healthcare System is a part of the Department of Veterans Affairs (VA), Plaintiff is seeking to hold Defendant vicariously liable for Dr. Hammersley's alleged medical malpractice under the Federal Torts Claims Act (FTCA). (ECF 1). Plaintiff's suit is one of many similar actions alleging medical malpractice by Dr. Hammersley currently pending before the Court.[1]

The parties met pursuant to Federal Rule of Civil Procedure 26(f), and filed a Report of Parties Planning Meeting, which included a proposed discovery plan. (ECF 10). Because the issue of when Plaintiff's malpractice claim accrued may preclude recovery due to the FTCA's two-year statute of limitations, the parties agreed to limit discovery to the "statute of limitations issue <u>first</u>." (ECF 10 at 3) (emphasis in original). The plan also notes, though, that Plaintiff sought to at some point conduct discovery as to whether Defendant engaged in "fraudulent concealment," which could trigger equitable tolling of the statute of limitations. (ECF 10 at 3-4). The Court subsequently adopted the discovery schedule set out under the plan during the parties' Rule 16 preliminary pretrial conference. (ECF 15). According to the parties' discovery plan, they anticipate filing dispositive motions on the statute of limitations issue once the depositions of Plaintiff and Dr. Hammersley regarding the statute of limitations issue has been completed. (ECF 10 at 4). All other discovery on the merits of Plaintiff's claim is postponed until after the discovery on the statute of limitations issue is complete. (*Id.*).

On June 12, 2019, Plaintiff forwarded a proposed Rule 30(b)(6) Notice of Deposition for the United States Department of Veteran Affairs requesting Defendant appoint a representative

---

[1] *See, e.g.*, case numbers 1:19-cv-19, 1:19-cv-21,1:19-cv-22, 1:19-cv-24, 1:19-cv-49, 1:19-cv-84, 1:19-cv-87, 1:19-cv-95, 1:19-cv-99, 1:19-cv-101, 1:19-cv-102, 1:19-cv-108, 1:19-cv-109, 1:-19-cv-162, 1:19-cv-168, 1:19-cv-169, 1:19-cv-171, 1:19-cv-172; 1:19-cv-183, 1:19-cv-189, 1:19-cv-211, 1:19-cv-251, 1:19-cv-286, 1:19-cv-287, 1:19-cv-293, 1:19-cv-355, 1:19-cv-400, 1:19-cv-422, 1:19-cv-423, 1:19-cv-424.

to be prepared to testify about and produce documents regarding thirty-nine topics concerning Dr. Hammersley's employment with and termination from the VA. Broadly, Plaintiff is seeking through the deposition: (1) Dr. Hammersley's VA employment history; (2) the identity of individuals involved in Dr. Hammersley's management, supervision, employment, and termination; (3) the identity of individuals who may have reviewed or raised concerns regarding Dr. Hammersley's work as a podiatrist; (4) the dates that such concerns or suspicions were brought to Dr. Holly Becker and the dates that Dr. Becker was assigned to, and actually began to, review the care provided by Dr. Hammersley; (5) the dates regarding any review of Dr. Hammersley's work and the identity of any person who performed such review; (6) the date of Dr. Hammersley's termination; (7) the identity of any individual who was interviewed or who sent or received documents concerning Dr. Hammersley as part of an internal or external investigation; (8) any hierarchical or disciplinary information concerning the hospitals where Dr. Hammersley worked; and (9) any and all documentation or communication concerning the same. (ECF 17-1).

Defendant argues, in part, that these topics are not relevant to the issue of when Plaintiff's injury accrued for the purposes of the statute of limitations, and therefore should not be subject to discovery. (ECF 17 at 2). Specifically, Defendant argues that the agreement to limit the discovery to the statute of limitations was meant to limit discovery first to the accrual date of Plaintiff's claim and only subsequently to issues relating to equitable tolling. (ECF 17). Therefore, any discovery as to equitable tolling of the statute of limitations should not be addressed until discovery regarding the accrual date is complete. (ECF 17 at 2). Plaintiff in turn argues that the "statute of limitations" issue necessarily includes the equitable tolling issue, and that precluding discovery on the equitable tolling issue would only delay the case and the filing

3

of any dispositive motions. (ECF 19 at 4).

Defendant also argues, in the alternative, that even if the topics identified in the proposed notice are within the agreed scope of discovery, the request is overly burdensome. In support of its position, Defendant notes that it has begun compiling emails and documents and has found over 4.4 million responsive documents to Plaintiff's request.[2] (ECF 17 at 8-9). At the very least, Defendant suggests that the same information can be gained through less labor-intensive forms of discovery, such as requests for production or interrogatories. (ECF 17 at 7-8). Plaintiff in response notes that Defendant has not specifically stated what would be burdensome about producing the material it has already begun to compile, and that any other type of discovery would necessarily require Defendants to compile and review the same material. (ECF 19 at 10).

Finally, Defendant also argues that the information sought by Plaintiff is disproportionate to his needs and is not even relevant to the equitable tolling issue. (ECF 20 at 4-5). Regarding the relevancy of the requested material to the fraudulent concealment argument, Defendant contends that only information regarding "affirmative efforts by the VA directed toward plaintiff which might have persuaded plaintiff not to timely pursue an 'accrued claim'" would be relevant. (*Id*. at 5).

### B. Applicable Law

In general, "magistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). Similarly, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Ball Corp. v. Air Tech of Michigan, Inc.*, 329 F.R.D.

---

[2] While Defendant contends in its brief that it has found 4.4 million responsive documents, in support it attaches only an unsigned "Declaration of Jenny Mai" stating that Defendant has identified in excess of 2.5 million emails and documents. (ECF 17-1 at 2).

599 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." This includes limiting the method and manner in which discovery is to be sought. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) (finding that a district judge ordering a party to first use interrogatories before deposing the Chicago Public Schools superintendent was not an abuse of discretion). The party seeking the protective order bears the burden of showing good cause exists for the order. *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. May 10, 2007). "Conclusory statements of hardship are not sufficient to carry this burden." *Id.* (citations omitted). "To establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (internal citations and quotation marks omitted).

Additionally, while a pretrial scheduling order under Federal Rule of Civil Procedure Rule 16 "should not be changed lightly[,] . . . total inflexibility is undesirable. Fed. R. Civ. P. 16(e) advisory committee's note to 1983 amendment (citation omitted). "By not imposing any limitation on the ability to modify a pretrial order, the rule reflects the reality that in any process of continuous management, what is done at one conference may have to be altered at the next." *Id.*

## C. Analysis

Defendant raises two arguments in support of granting a protective order. The Court will address each in turn.

### 1. Scope of the Discovery Plan

To begin, the Court recognizes that the "accrual" issue and the "equitable tolling" issue are separate inquiries with separate factual requirements. *Compare Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011) ("An FTCA claim accrues when: (A) an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; *or* (B) a reasonable person in the individual's position would have known enough to prompt a deeper inquiry."), *with Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016) ("Generally, the plaintiff [to show the doctrine of equitable tolling applies] bears the burden to establish that (1) she 'diligently' pursued her claim; and (2) 'some extraordinary circumstances' prevented her from timely filing her complaint."). The Court also recognizes that the language of the discovery plan is less than clear. At some points, the plain language of the parties' Report suggests that the two issues are meant to be addressed at once,[3] while at others it suggests that they are to be addressed sequentially.[4]

Nevertheless, the Court agrees with Plaintiff that the scope of the agreement was meant to include all issues relating to the statute of limitations, including both accrual and equitable tolling. Pertinent to this understanding is the recognition that further discovery on the merits of Plaintiff's claim was to be postponed until the completion of discovery on the statute of

---

[3] (*See* ECF 10, at 2 ("Likewise there is an issue/dispute as to whether the doctrine of equitable tolling applies to defeat the two (2) year statute of limitations.")).

[4] (*See* ECF 10 at 3-4 ("Depending on what information is uncovered during the deposition(s) of Dr. Hammersley and Plaintiff regarding the statute of limitations issue, it may be necessary for Plaintiff to conduct discovery on the fraudulent concealment issue.")).

6

limitations issue, because the parties anticipate filing dispositive pretrial motions. (ECF 10 at 4). If the ultimate goal of the limited discovery was to prepare the parties for potential motions for summary judgment, it makes little sense to prevent discovery as to the facts that would clearly be relevant to such a motion. As Plaintiff rightly points out, if the "accrual" date of Plaintiff's injuries is outside of the two-year statute of limitations, the doctrine of equitable tolling would be one of the only ways Plaintiff would be able to proceed with his case. (ECF 19 at 8); *see Douglas v. Porter*, 268 F. App'x. 468, 471 (7th Cir. 2008) ("On a motion for summary judgment, the burden is on the plaintiff to present facts which, if true, would justify equitable tolling of the statute of limitations." (quoting *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir. 1990)). Therefore, to the extent that the scheduling order is unclear, the Court now clarifies that discovery relating to the statute of limitations issue, including both the facts related to the accrual date and any potential equitable tolling, is open.

*2. Relevancy and Burden of Requested Information*

The Court also finds that Defendant has not met its burden of showing good cause for a protective order exists here. Turning first to the issue of relevancy, as noted *supra*, the Court finds that the issue of equitable tolling should be open to discovery. As such, whether the proposed 30(b)(6) deposition is relevant solely to the accrual issue is moot. Defendant argues in the alternative, though, that the information sought would not be relevant to the equitable tolling issue, because it would not show "affirmative acts directed at plaintiff to persuade him not to timely pursue his accrued claim in court." (ECF 20 at 5). It is true that if Plaintiff were to proceed to argue the fraudulent concealment issue at the summary judgment stage he would have to show evidence of affirmative acts. *See Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992) (discussing required showing of affirmative misconduct on the part of the government for

7

a plaintiff's claim to survive at summary judgment). It is also likely that much of the evidence Plaintiff seeks in his proposed Rule 30(b)(6) deposition, such as the hierarchical information regarding the hospitals where Dr. Hammersley worked, may not show direct evidence of an affirmative act of misconduct.

However, while the requested information may not show direct evidence of an affirmative misconduct, it could still show circumstantial evidence of such misconduct. *See United States v. Capital Tax Corp.*, No. 04 cv 4138, 2011 WL 589615, at *7 (N.D. Ill. Feb. 10, 2011) (finding that circumstantial or indirect evidence can establish the material reliance requirement of the equitable tolling analysis). Further, discovery need not necessarily be focused on evidence that would be admissible or relevant at trial, so long as it is relevant to a party's claim or defense. Fed. Rule Civ. P. 26(b)(1). While Rule 26(b)(1) no longer states that parties may seek any discovery that "appears reasonably calculated to lead to the discovery of admissible evidence," *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), the advisory committee notes to the 2015 amendment to the rule make clear that "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery" under the rule. Because the evidence sought here concerns a potentially dispositive issue, namely whether Plaintiff's claim survives summary judgment, the Court finds that it is clearly relevant to Plaintiff's claim, and thus is subject to discovery.

Defendant also argues that the information sought is overly burdensome and not proportionate to the needs of the parties. Particularly, Defendant suggests that a less burdensome means of discovery, such as interrogatories, could be used instead. (ECF 17 at 7). While this may be the case, the Court finds that this suggestion alone does not satisfy Defendant's burden of showing good cause. Particularly, the Court agrees with Plaintiff that Defendant has not

8

shown how the collection and review of the material requested by Plaintiff would be any more burdensome than the collection and review of the documents that a response to interrogatories or request for production would require. (ECF 19 at 10). Similarly, while Defendant notes that the responsive documents here may potentially be in the millions, it offers no usable evidence in support of that claim. Defendant's brief suggests that there are over 4.4 million responsive documents, but in support of that claim attaches only an unsigned declaration stating that there were only 2.5 million responsive documents. (ECF 17 at 8; ECF 17-3 at 2). Finally, Defendant has not specifically articulated how the request would be unduly burdensome in terms of manpower, cost, or time needed to prepare. *See Heraeus Kulzer, GmbH, v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011) ("[The party] could have given the district court an estimate of the number of documents that it would be required to provide Heraeus in order to comply with the request, the number of hours of work by lawyers and paralegals required, and the expense.").

Finally, regarding Defendant's argument that the scope of the proposed deposition is not proportionate to the needs of the party under Rule 26(b) (ECF 20 at 5), the Court also finds Defendant's arguments unpersuasive. Rule 26(b)(1) instructs the court to determine proportionality, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, as already discussed *supra*, the Court finds that the information sought may be highly relevant to, and therefore necessary and important for, the potential resolution of this matter by way of summary judgment. Finally, Defendant does not allege that the information is otherwise available from

other sources, or that they lack the resources to comply with the request.⁵  As such, on balance, the Court finds that the proposed Rule 30(b)(6) deposition is within the bounds of Rule 26(b)(1).

### D.  Conclusion

For the reasons set forth herein, Defendant's Motion for a Protective Order (ECF 16) is hereby DENIED.

SO ORDERED.

Entered this 23rd day of October 2019.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

⁵Furthermore, as mentioned *supra* n.1, this is one of many cases against Defendant concerning the treatment provided by Dr. Hammersley, many of which have the same lead attorney.  As such, any evidence produced here by Defendant will likely reduce the time and costs it needs to expend in these other cases.